**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001018
28-DEC-2015
09:03 AM**

NO. CAAP-14-0001018

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE CREDIT SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP HOME EQUITY PASS THROUGH CERTIFICATES,
SERIES 2006-8, Plaintiff-Appellee,
v.
DANIEL SMITH, TAMMY SMITH, Defendants-Appellants
and
JOHN AND MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2444)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Reifurth, JJ.)

Defendants-Appellants Daniel Smith and Tammy Smith
(together, **Smiths**) appeal from the following, entered on June 26,
2014 in the Circuit Court of the First Circuit[1] (**circuit court**):
(1) "Order Granting Plaintiff's Motion for Summary Judgment for
Ejectment Against All Defendants, Filed December 4, 2013;" (2)
"Notice of Entry of Judgment/Order;" and (3) "Final Judgment
Entered Against All Defendants."

On appeal, the Smiths contend the circuit court erred
by granting summary judgment in favor of Plaintiff-Appellee U.S.
Bank National Association, as Trustee, on Behalf of the Holders
of the Credit Suisse First Boston Mortgage Securities Corp Home
Equity Pass Through Certificates, Series 2006-8 (**U.S. Bank**).

---

[1]  The Honorable Bert I. Ayabe presided.

## I. BACKGROUND

On September 5, 2006, the Smiths executed a promissory note (**Note**) from Lime Financial Services, Ltd. (**Lime Financial**). As security for the Note, the Smiths executed a mortgage (**Mortgage**) on the property located at 49-078 Johnson Road, Kaneohe, Hawaiʻi 96744 (**Property**) to Mortgage Electronic Registration Systems, Inc. (**MERS**) as nominee for Lime Financial. On December 1, 2006, MERS assigned the Mortgage to U.S. Bank. The assignment was recorded in the State of Hawaiʻi Bureau of Conveyances (**Bureau of Conveyances**) on August 13, 2007 as document number 2007-144774.

The Smiths failed to pay the amount due and owing according to the Note and Mortgage, and U.S. Bank sent the Smiths a notice of default on May 5, 2008. On July 16, 2009, U.S. Bank held a public auction of the Property and the Property was subsequently sold to U.S. Bank as the highest bidder. U.S. Bank executed a Quitclaim Deed for the Property and the Quitclaim Deed was recorded in the Bureau of Conveyances on September 23, 2009 as document number 2009-146405.

On October 20, 2009, U.S. Bank filed a "Complaint for Ejectment" (**Complaint**), alleging the Smiths were "still remaining on the [Property] as trespassers and/or uninvited guests and lessees." On February 23, 2010, U.S. Bank filed a "Motion for Summary Judgment, and For Writ of Ejectment Against [the Smiths]" (**First MSJ**). On March 10, 2010, the Smiths filed a "Memorandum in Opposition to [U.S. Bank's First MSJ]" (**Memorandum in Opposition to First MSJ**). In their Memorandum in Opposition to First MSJ, the Smiths argued, *inter alia*, that summary judgment in favor of U.S. Bank was not appropriate because the Note and Mortgage were void. Specifically, the Smiths argued that Lime Financial violated the Federal Truth-in-Lending Act (**TILA**) and engaged in Unfair or Deceptive Acts or Practices (**UDAP**) in violation of Hawaii Revised Statutes (**HRS**) chapter 480. The circuit court denied the First MSJ on March 29, 2010 after a

hearing held March 17, 2010.[2]

On December 4, 2013, U.S. Bank filed a "Motion for Summary Judgment For Ejectment against [the Smiths]" (**Second MSJ**). The Smiths did not file a memorandum in opposition to U.S. Bank's Second MSJ. Instead, on February 25, 2014, the Smiths' counsel filed a "Declaration of Counsel for [the Smiths] in Opposition to [U.S. Bank's Second MSJ]" (**Declaration**) stating that "because [U.S. Bank's] motion raises nothing new and is therefore precluded, it should be denied by the Court for the reasons previously argued by [the Smiths] in their [Memo in Opposition to First MSJ], which is attached and reincorporated herein." Counsel for the Smiths did attach the Memorandum in Opposition to First MSJ as an exhibit to the Declaration. The circuit court held a hearing on U.S. Bank's Second MSJ on March 5, 2014 and took the matter under advisement.

On June 26, 2014, the circuit court entered its "Order Granting Plaintiff's Motion for Summary Judgment for Ejectment Against All Defendants, Filed December 4, 2013," granting U.S. Bank's Second MSJ. In its order, the circuit court determined:

> 1. The three-year statute of repose under 15 U.S.C. § 1635(f) [(2011)] ha[d] expired on [the Smiths'] [TILA] claims.
>
> 2. [The Smiths'] UDAP defenses cannot be asserted against [U.S. Bank] because [U.S. Bank] did not originate the loan.
>
> 3. [U.S. Bank's] [Second MSJ] is GRANTED for the reasons set forth above.
>
> 2. [sic] The non-judicial foreclosure held on July 16, 2009, for the Property . . . is CONFIRMED.
>
> 3. [sic] The Court shall award, pursuant to [HRS] § 603-36, a Writ of Ejectment against [the Smiths] and all other persons claiming by, under and through [the Smiths'] possession of the Property.

On June 26, 2014, the circuit court also entered its "Final Judgment Entered Against [the Smiths]," the "Notice of Entry of Judgment/Order," and the "Writ of Ejectment."

On July 25, 2014, the Smiths filed their notice of

---

[2] The transcript of the March 17, 2010 hearing is not part of the record on appeal.

appeal.

## II. STANDARD OF REVIEW

[An appellate] court reviews a trial court's grant of summary judgment de novo. O'ahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005). The standard for granting a motion for summary judgment is well settled:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, [the appellate court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Price v. AIG Hawai'i Ins. Co., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005) (original brackets and citation omitted).

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

## III. DISCUSSION

### A. TILA

The Smiths contend the circuit court erroneously found that the Smiths did not timely exercise their right to rescind their loan under TILA. In granting U.S. Bank's Second MSJ, the circuit court found the Smiths could not bring a TILA claim to rescind the loan because "[t]he statute of repose under 15 U.S.C. § 1635(f)[3] ha[d] expired on [the Smiths'] Truth in Lending Act

---

[3] 15 U.S.C. § provides in relevant part:

**§ 1635. Right of rescission as to certain transactions**

. . . .

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to

(continued...)

("TILA") claims."

15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" The United States Supreme Court in Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015) recently had an opportunity to determine the method in which an obligor exercises his or her 15 U.S.C. § 1635(f) right to rescind.

In Jesinoski, the Supreme Court was faced with similar facts as those facts in the case before us. Id. at 791. On February 23, 2007, the Jesinoskis refinanced the mortgage on their property by borrowing money from Countrywide Home Loans, Inc. (**Countrywide**). Id. On February 23, 2010, exactly three years after the consummation of the loan transaction, the Jesinoskis mailed Countrywide and Bank of America Home Loans, who had acquired Countrywide, (together, **Respondents**) a letter purporting to rescind the loan. Id. On February 24, 2011, the Jesinoskis filed suit in Federal District Court, seeking a declaration of rescission and damages. Id.

The Federal District Court concluded that 15 U.S.C. § 1635(f) requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consummation. Id. Although the Jesinoskis notified Respondents of their intention to rescind within the three year period, they did not file their first complaint until four years and one day after the loan's consummation. Id. As a result, the Federal District Court granted the Respondent's motion for judgment on the pleadings,

---

[3](...continued)
enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

and the Court of Appeals for the Eight Circuit (**Eighth Circuit**) affirmed.  (Citing <u>Jesinoski v. Countrywide Home Loans, Inc.</u>, 729 F.3d 1092, 1093 (2013)).  <u>Id.</u>

On appeal to the United States Supreme Court, the Supreme Court noted that "[a]lthough [U.S.C. 15] § 1635(f) tells us <u>when</u> the right to rescind must be exercised, it says nothing about <u>how</u> that right is exercised."  <u>Id.</u> at 792.  The Supreme Court opined:

> [15 U.S.C. §] 1635(a) [(2011)] explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . by notifying the creditor, in accordance with regulations of the Board, of his intention to do so" . . . . The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. <u>It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely</u>. The statute does not also require him to sue within three years.
>
> Nothing in [15 U.S.C.] § 1635(f) changes this conclusion.

<u>Id.</u> at 792 (emphasis in original omitted and emphasis added).  Because the Jesinoskis had given Respondents notice of their intent to rescind the loan within three years of the loan's consummation, the Supreme Court held that the Eighth Circuit erred in dismissing the Jesinoskis' complaint.  <u>Id.</u> at 793.

Like the Jesinoskis' loan from Countrywide, the Smiths refinanced their home and entered into a loan with Lime Financial on September 6, 2006.  The Smiths' counsel mailed their Notice of Rescission to Lime Financial and U.S. Bank on August 20, 2008, fewer than three years after the consummation of the loan transaction.  Pursuant to the Supreme Court's holding in <u>Jesinoski</u>,[4] the Smiths' rescission was timely and the circuit court erred in finding that the statute of repose had expired on

---

[4]    The Hawai'i Supreme Court has recognized that

> [w]hen [the United States Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [its] announcement of the rule.

<u>Hawaii Cmty. Fed. Credit Union v. Keka</u>, 94 Hawai'i 213, 224 n.7, 11 P.3d 1, 12 n.7 (2000) (quoting <u>Harper v. Virginia Dept. of Taxation</u>, 509 U.S. 86, 97 (1993)).

the Smiths' TILA claims.

## B.  UDAP

The Smiths contend the circuit court erred in concluding that they could not raise a UDAP defense against U.S. Bank.  In granting U.S. Bank's Second MSJ, the circuit court found that "[the Smiths'] UDAP defenses cannot be asserted against [U.S. Bank] because [U.S. Bank] did not originate the loan."

HRS § 480-2(a) (2008 Repl.) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Under HRS § 480-12 (2012 Repl.), "[a]ny contract or agreement in violation of this chapter is void and is not enforceable at law or in equity."  The Smiths' Mortgage and loan transaction fell "within the ambit of HRS [chapter] 480, inasmuch as (1) a loan extended by a financial institution is activity involving 'conduct of any trade and commerce' and (2) loan borrowers are 'consumers' within the meaning of HRS § 480-1 [(2008 Repl.)]."  Keka, 94 Hawaiʻi at 227, 11 P.3d at 15.

The United States District Court for the District of Hawaiʻi in Young v. Bank of New York Mellon, 848 F. Supp. 2d 1182 (D. Haw. 2012) held, "[u]nlike a [HRS chapter] 480 damages claim, a rescission claim under [HRS [chapter] 480 can stand against subsequent assignees if the contract is void . . . ."  Id. at 1193 (emphasis omitted).  The U.S. district court noted that even where there is no evidence the current holder of the note and mortgage violated HRS chapter 480, "[HRS] § 480-12 can nevertheless provide a basis for rendering [the holder's] note and mortgage 'void and unenforceable' based on certain types of unfair or deceptive acts or practices committed by others in the loan consummation process."  Id.  (brackets in original) (quoting Skaggs v. HSBC Bank USA, N.A., 2011 WL 3861373 at 7 (D. Haw. Aug. 31, 2011)); see Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1168 (D. Haw. 2012).  Therefore, the circuit court erred in finding that the Smiths could not raise a UDAP defense against U.S. Bank.

7

**C.     Remand**

Because the circuit court rejected the Smiths' TILA claim on statute of limitations grounds and their UDAP claim on the theory that it could not be raised against U.S. Bank, the circuit court did not address whether there were genuine issues of material fact regarding the merits of those claims.  On remand, the circuit court shall determine whether genuine issues of material facts exist as to those claims.

## IV.     CONCLUSION

Therefore, the (1) June 26, 2014 "Order Granting Plaintiff's Motion for Summary Judgment for Ejectment Against All Defendants, Filed December 4, 2013;" (2) June 26, 2014 "Notice of Entry of Judgment/Order;" and (3) June 26, 2014 "Final Judgment Entered Against All Defendants," all entered in the Circuit Court of the First Circuit are vacated and this case is remanded for proceedings consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawai'i, December 28, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants.

Tom E. Roesser
Seth T. Buckley
(Carlsmith Ball)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8